**ENID BANK & TRUST CO. et al. v. WETZEL et al.**

No. 24972. April 16, 1935.

McKeever, Stewart & McKeever, for plaintiffs in error.

Harry O. Glasser and W. J. Otjen, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the court below, the defendants in error as plaintiffs, and the plaintiffs in error as defendants.

The action is one in equity to cancel various instruments consisting of two warranty deeds given by John T. Myatt, now deceased, in his lifetime, to N. M. Lietzke, covering two quarter sections of land in Kay county, Okla., for fraud in their procurement, and subsequent warranty deeds thereto by Myatt's said grantee to Harry P. Frantz, and also to cancel two mortgages thereon subsequently given by Harry P. Frantz, one to the defendant Enid Bank & Trust Company on one of said tracts to secure a note of $4,000, and one to Commerce Trust Company of Kansas City, Mo., on the other of said tracts to secure a note of $6,000, the plaintiffs also seeking a judgment in the alternative for $6,000 in money, the amount of said last-mentioned mortgage, in the event the court denied a cancellation of said mortgage to Commerce Trust Company, which company was not a party to the action.

The plaintiffs also sought to recover the rents and profits derived by the defendants

from said real estate subsequent to December 9, 1929, with interest thereon at 6 per cent.

The trial court rendered a decree canceling all of said deeds and the mortgage to Enid Bank & Trust Company, and rendered judgment for $146.92 as the rents and profits derived by defendants from said real estate from December 9, 1929, to the date of the decree, with interest at 6 per cent. The court further denied the cancellation of the mortgage to Commerce Trust Company of Kansas City, Mo., but rendered judgment in favor of the plaintiffs for the amount of said mortgage, to wit, $6,000, together with interest thereon stated as being at the rate provided in the mortgage until the same should be paid, the amount of such interest, however, not being computed in the decree.

The plaintiffs alleged that Myatt's original grantee was the agent of Anglo American Royalties Corporation, which was engaged generally in trading worthless stock for valuable property, thereby defrauding the owners thereof out of their property, and that the deeds from Myatt were so procured; that O. J. Fleming, now deceased, was the president of Enid Bank & Trust Company and a substantial stockholder in Anglo-American Royalties Corporation and a coconspirator with that corporation and its officers in perpetrating such frauds generally, and that he was at all times possessed of knowledge of the perpetration of such frauds; that said Fleming at all times knew that the deeds from Myatt had been procured through such fraudulent methods, and that Myatt's grantee had obtained said deeds from him to his said property for and in consideration only of such worthless stock, and that the land was of a value greatly in excess of the value of the stock, and that Fleming, acting for Enid Bank & Trust Company, thereafter caused a deal to be consummated by which Myatt's grantee made the said deeds to Frank P. Frantz for the use and benefit of Enid Bank & Trust Company for a consideration of $10,-000, which the bank advanced upon the execution of said mortgages by Frantz.

The defendants make numerous assignments of error in the petition in error which are quoted in their brief, but brief one question only, limiting their ground of reversal to one general assignment as follows:

"The court erred in overruling these defendants' demurrer to plaintiffs' evidence for the reason that same was not sufficient to prove a cause of action against said defendants and in favor of the plaintiffs."

The defendants thereby predicate their claim of right to reversal upon the insufficiency of the plaintiffs' evidence. There is ample proof to establish the fact that the other officers of Enid Bank & Trust Company were fully aware of the fraud in this transaction, and of the course of action pursued by Fleming in this and similar transactions handled through the bank and for its benefit, and that the board of directors passed upon and approved such transactions including this one, and that the bank enjoyed the profits involved therein.

Defendants' abstract of the evidence set forth in their brief is sufficient to sustain a finding that Fleming had knowledge of the fraud. They do not contend otherwise in their brief. Turning then to the plaintiffs' abstract of evidence (which is not challenged by a reply brief), and assuming, in a liberal attitude toward them, that the assignments of error raised the question of whether the decree is contrary to the weight of the evidence, we find that the decree is supported by the weight of the evidence upon the question of whether Fleming had knowledge of the fraud.

The defendants' argument in their brief is the equivalent of an admission that Fleming had knowledge of the fraud, and the defendants, by such argument, present herein but one theory; that is, that the evidence fails to show that Fleming acted for the bank in securing the conveyances which operated in its favor.

Without further discussing the question of whether the evidence is sufficient to sustain a finding that Fleming so acted, or the question of whether there is a finding to that effect which is contrary to the weight of the evidence, we turn to the answer of the defendant Enid Bank & Trust Company, which put the cause at issue as against it, and find that that defendant, in plain, simple, and unequivocal language, affirmatively alleges the fact to be that the said Fleming did act for and on behalf of that defendant in securing for it the title to and ownership of said lands. Attention might well be called to the fact that the answer was not signed by said defendants' counsel who are of record here, but the admission therein is nevertheless binding upon that defendant, and upon the other defendants for the reasons hereinafter set out.

There is therefore no occasion to consider

the argument of plaintiffs in error on the question of whether Fleming acted for said bank. The fact is admitted by the bank's pleading, and it is estopped by that record to assert the contrary. The authorities cited by defendant inferentially sustain the well-recognized principle that when an officer of a corporation, with knowledge of fraud in the procurement of a title by a predecessor in title, acts for the corporation in acquiring the title, his knowledge of such fraud is imputed to the corporation, and that under such circumstances the corporation cannot be an innocent purchaser for value. See Curtis, Collins & Holbrook Co. v. United States, 67 L. Ed. 956, 262 U. S., 215; Thompson on Corporations (3d Ed.) vol. 3, sec. 1755; Kean v. National City Bank, 294 F. 214.

The position of the defendants here is the direct opposite of their position in the court below. This court has many times held that a party will not be permitted to change the theory of his cause of action or defense on appeal from the theory upon which he tried his rights in the lower court. The rights of the defendants other than Enid Bank & Trust Company, to wit, First National Bank of Enid, Central National Bank of Enid, Okla., and Security Bank & Trust Company of Enid, Okla., are and can be no greater than or different from the rights of Enid Bank & Trust Company, for the reason, as admitted by defendants' brief, that they acquired the assets of the latter corporation after the institution of this action and acquired only such rights as those possessed by Enid Bank & Trust Company, and claim no greater right than those of the latter. The contract by which they acquired such assets specifically says that they assumed and agreed to pay and discharge all of the liabilities and obligations of Enid Bank & Trust Company.

For the reasons assigned, we think the judgment of the trial court is proper, and that its judgment should be, and the same is, affirmed.

The Supreme Court acknowledges the aid of Attorneys Valjean Biddison, Albert H. Bell, and Cy L. Billings in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Biddison and approved by Mr. Bell and Mr. Billings, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and GIBSON, JJ., concur.